**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **UNWIRED GLOBAL SYSTEMS LLC,** | |
| Plaintiff, | Civil Action No: 6:23-cv-00724-JKP |
| v. | PATENT CASE |
| **KALKI COMMUNICATION TECHNOLOGIES PRIVATE LIMITED,** | JURY TRIAL DEMANDED |
| Defendant. | |

**DEFENDANT KALKI COMMUNICATION TECHNOLOGIES PRIVATE LIMITED'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO <u>UNWIRED GLOBAL SYSTEMS LLC'S COMPLAINT</u>**

1. Defendant Kalki Communication Technologies Private Limited files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Unwired Global Systems LLC's Complaint for Patent Infringement. Kalki denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES**

2. Kalki is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Kalki admits that it is a corporation organized and existing under the laws of India and maintains an established place of business at 4th Floor, # 17/1, Opposite Prestige Cessna Business Park, Outer Ring Rd, Kadubeesanahalli, Bellandur, Bengaluru, Karnataka 560103, India.

---

[1] For avoidance of doubt, Kalki denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

## JURISDICTION

4. Kalki admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

5. Kalki admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Kalki does not contest whether personal jurisdiction over it properly lies in this District in this case. Kalki denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## VENUE

7. Kalki does not contest whether venue is proper in this District in this case. Kalki denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## PATENT-IN-SUIT

8. Kalki is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies all such allegations.

## THE '624 PATENT

9. Kalki admits that the purported copy of U.S. Patent No. 8,488,624 (the "'624 Patent") that is attached to the Complaint as Exhibit 1 indicates that it was filed on September 22, 2010, issued on July 16, 2013, and is entitled "Method and apparatus for providing an area network middleware interface."

## COUNT 1: [ALLEGED] INFRINGEMENT OF THE '624 PATENT

10. Kalki incorporates by reference each of its responses set forth in Paragraphs 1-9

above as if fully set forth herein.

11. Kalki denies the allegations in Paragraph 11 of the Complaint.

12. Kalki denies the allegations in Paragraph 12 of the Complaint.

13. Kalki denies the allegations in Paragraph 13 of the Complaint.

14. Kalki denies the allegations in Paragraph 14 of the Complaint.

15. Kalki denies the allegations in Paragraph 15 of the Complaint.

16. Kalki denies the allegations in Paragraph 16 of the Complaint.

17. Kalki denies the allegations in Paragraph 17 of the Complaint.

18. Kalki denies the allegations in Paragraph 18 of the Complaint.

## [Plaintiff's] Jury Demand

19. Kalki is not required to provide a response to Plaintiff's request for trial by jury.

## [Plaintiff's] Prayer for Relief

Kalki denies the Plaintiff is entitled to any relief from Kalki and denies all the allegations contained in Paragraphs A-E of Plaintiff's Prayer for Relief.

## Affirmative Defenses

Kalki's Affirmative Defenses are listed below. Kalki reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Kalki has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the U.S. Patent No. 8,488,624 (the "'624 Patent").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '624 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C.

§§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '624 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Kalki's actions allegedly infringe the '624 Patent, Kalki is not liable to Plaintiff for the acts alleged to have been performed before Kalki received actual notice that it was allegedly infringing the '624 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Kalki indirectly infringes, either by contributory infringement or inducement of infringement, Kalki is not liable to Plaintiff for the acts alleged to have been performed before Kalki knew that its actions would allegedly cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '624 Patent against Kalki is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '624 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Kalki.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the

'624 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Kalki comprises "receiving one or more data packets encoded in a first communication protocol," "decoding the data packets into a set of data objects wherein the data packets are decoded in accordance with a machine-readable set of protocol frame definitions containing one or more sub-fields for parsing of the data packets," and/or "encoding the data objects into a second communication protocol wherein the data objects are encoded in accordance with the machine-readable set of protocol frame definitions" as required by claim 1 of the '624 Patent.

**KALKI COMMUNICATION TECHNOLOGIES PRIVATE LIMITED'S COUNTERCLAIMS**

For its counterclaims against Plaintiff Unwired Global Systems LLC, Counterclaim Plaintiff Kalki Communication Technologies Private Limited alleges as follows:

**PARTIES**

1. Counterclaim Plaintiff Kalki is a corporation organized and existing under the laws of India and maintains an established place of business at 4th Floor, # 17/1, Opposite Prestige Cessna Business Park, Outer Ring Rd, Kadubeesanahalli, Bellandur, Bengaluru, Karnataka 560103, India.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Unwired Global, is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th Street, Suite 1003 New York, NY 10001.

**JURISDICTION**

3. Kalki incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Unwired Global has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Unwired Global's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

## COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

7. Kalki incorporates by reference Paragraphs 1–6 above.

8. Based on Unwired Global's filing of this action and at least Kalki's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Kalki infringes U.S. Patent No. 8,488,624 (the "'624 Patent").

9. Kalki does not infringe at least claim 1 of the '624 Patent because, *inter alia*, the accused system does not comprise "receiving one or more data packets encoded in a first communication protocol," "decoding the data packets into a set of data objects wherein the data packets are decoded in accordance with a machine-readable set of protocol frame definitions containing one or more sub-fields for parsing of the data packets," and/or "encoding the data objects into a second communication protocol wherein the data objects are encoded in accordance with the machine-readable set of protocol frame definitions."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Kalki requests a declaration by the Court that Kalki has not infringed and does not infringe any claim of the '624 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

### DECLARATION REGARDING INVALIDITY

11. Kalki incorporates by reference Paragraphs 1–10 above.

12. Based on Unwired Global's filing of this action and at least Kalki's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '624 Patent.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Kalki

requests a declaration by the Court that the claims of the '624 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Kalki asks this Court to enter judgment in Kalki's favor and against Unwired Global by granting the following relief:

a) a declaration that the '624 Patent is invalid;

b) a declaration that Kalki does not infringe, under any theory, any valid claim of the '624 Patent that may be enforceable;

c) a declaration that Unwired Global take nothing by its Complaint;

d) judgment against Unwired Global and in favor of Kalki;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Kalki of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Kalki hereby demands trial by jury on all issues.

Dated:  October 27, 2023

Respectfully submitted,

By: */s/ Lance E. Wyatt*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Lance E. Wyatt
Texas Bar No. 24093397
wyatt@fr.com
Adil Shaikh
Texas Bar No. 24117039
shaikh@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone (214) 747-5070
Facsimile (214) 747-2091

**COUNSEL FOR DEFENDANT
KALKI COMMUNICATION TECHNOLOGIES
PRIVATE LIMITED**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were electronically served with a copy of the foregoing on October 27, 2023, via the Court's CM/ECF system.

*/s/ Lance E. Wyatt*
Lance E. Wyatt

9